# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL RUSLANOV,<br>(A Number: 244-964-915)<br><br>Petitioner,<br>v.<br><br>WARDEN, California City Correctional Center, et al.,<br><br>Respondents. | Case No. 1:26-cv-06286-JLT-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT MOTION TO DISMISS, TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE, AND TO DENY PETITIONER'S PENDING MOTIONS AS MOOT**<br><br>(Docs. 1, 10, 13 & 17)<br><br><u>14-Day Objection Period</u> |

Petitioner Mikahil Ruslanov is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). Petitioner claims that he should be immediately released because he has been detained for longer than the six-month presumptively reasonable period of detention.

## I. PROCEDURAL BACKGROUND

Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order on August 8, 2026. (Docs. 1 & 3). District Judge Jennifer L. Thurston denied issuance of a temporary restraining order on August 12, 2026. (Doc. 8).

On August 13, 2026, Petitioner filed a motion for preliminary injunction. (Doc. 10).

On August 27, 2026, District Judge Thurston issued a minute order referring the motion

for preliminary injunction to the undersigned. (Doc. 11). That same date, Respondents filed a Notice of Related Cases, (Doc. 12), and a Motion to Dismiss Habeas Petition and All Injunctive Relief. (Doc. 13).

On August 28, 2026, Petitioner filed an opposition to Respondents' motion to dismiss, traverse thereto, and a request for enforcement of the August 13, 2026 minute order. (Doc. 14).

In September 2026, Petitioner filed three pleadings requesting prompt resolution of the pending petition and motion. (Docs. 15–17).

## II. DISCUSSION

### A. 1:26-cv-01459 & 1:26-cv-06286

The Court hereby takes judicial notice of *Mikhail R. v. California Correctional Center Facility, et al.*, No. 1:26-cv-01459-JLT-EGC also filed in the United States District Court for the Eastern District of California.[1] Below the Court provides the procedural background for the earlier action and incorporates the procedural background in this action.

On February 14, 2026, Petitioner filed a section 2241 petition and a motion for temporary restraining order. (1:26-1459, Docs. 1, 3). On February 20, 2026, District Judge Thurston denied the motion for temporary restraining order. (1:26-cv-3786, Doc. 8). That same date, Petitioner filed another motion for temporary restraining order. (1:26-1259, Doc. 9).

On February 22, 2026, Judge Thurston referred this matter to the undersigned for a merits determination and ordered Respondents to file a responsive pleading within 21 days, and related deadlines, and ordered that Petitioner not be removed from the United States or transferred outside this district. (1:26-1459, Doc. 10). Judge Thurston issued an amended minute order on February 23, 2026, denying the renewed request for a temporary restraining order. (1:26-1459, Doc. 11).

On March 16, 2026, Respondents filed a response and motion to dismiss, (1:26-1459, Doc. 14), and Petitioner replied on March 19, 2026, (1:26-1459, Doc. 15). On March 24, 2026, the previously assigned magistrate judge directed Respondents to "submit a copy of the order [after bond redetermination hearing held March 4, 2026] within fourteen (14) days or provide a status

[1] *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of its own records in other cases, as well as other courts' records).

update." (1:26-1459, Doc. 16).

Ultimately, Respondents filed a response on April 13, 2026, (1:26-1459, Doc. 19), and Petitioner replied, (1:26-1459, Doc. 20).

On April 16, 2026, Petitioner filed an ex parte application for emergency relief. (1:26-1459, Doc. 21). On April 20, 2026, Judge Thurston denied Petitioner's third request for emergency injunctive relief. (1:26-1459, Doc. 22).

On May 14, 2026, Petitioner filed a document titled "Notice of Continued Ripeness and Request for Resolution of Petition." (1:26-1459, Doc. 24).

On May 15, 2026, the undersigned issued Findings and Recommendations to Deny the Petition for Writ of Habeas Corpus. (1:26-1459, Doc. 25). Specifically, after addressing the issue of exhaustion, the undersigned reviewed the merits of Petitioner's contentions: as concerns procedural due process, the applicable factors weighed in the government's favor and as concerns substantive due process, the undersigned found no substantive due process violation. (1:26-1459, *id.* at 3–12).

Thereafter, on May 26, 2026, Petitioner filed, pro se, a document titled "Trasverse [sic] to Respondents and Request for Expedite Relief." (1:26-1459, Doc. 26). On May 28, 2026, Petitioner filed Objections to the Findings and Recommendations. (1:26-1459, Doc. 27). Petitioner filed supplemental objections on July 20, 2026. (1:26-1459, Doc. 31). Also on July 20, 2026, Plaintiff filed a supplemental brief, (1:26-1459, Doc. 32), and supporting documents, (1:26-1459, Doc. 33).

On August 8, 2026, Petitioner filed another petition and commenced the instant case, in which Petitioner argues prolonged detention and essentially repeats his due process arguments, seeks immediate release, or alternatively, another bond hearing. (*See* Doc. 1). Petitioner also filed a motion for temporary restraining order. (*See* Doc. 3).

On August 12, 2026, in the instant action, Judge Thurston denied the motion, noting "Petitioner's request is, in effect, an attempt to jump the line ahead of similarly situated individuals." (*See* Doc. 8).

The following day, in this case, the undersigned issued an OSC, (*see* Doc. 9), and

Petitioner filed a motion for preliminary injunction, (*see* Doc. 10). Thereafter, the motion was referred to the undersigned and a briefing schedule was set. (*See* Doc. 11).

On August 27, 2026, Respondents filed a Notice of Related Cases in the first action, (1:26-1459, Doc. 34), and a motion Notice of Related Cases, (*see* Doc. 12), and motion to dismiss, (*see* Doc. 13), in the instant action.

On August 28, 2026, Petitioner filed a traverse in the instant action. (*See* Doc. 14).

On September 4, 2026, Plaintiff filed a document titled "Petitioner's Notice of Respondents' Failure to Comply with Order to Show Cause and Request for Prompt Adjudication on the Existing Record."[2] (1:26-1459, Doc. 35).

On September 15, 2025, in the instant action, Petitioner filed a document titled "Petitioner's Notice of Respondents' Failure to Comply with Order to Show Cause and Request for Prompt Adjudication on the Existing Record." (*See* Doc. 15). Two days later, Petitioner filed "Petitioner's Notice of Continued Submission and Request for Prompt Resolution of Pending Habeas Petition and Motion for Preliminary Injunction." (*See* Doc. 16). Finally, on September 23, 2026, Petitioner filed "Petitioner's Motion for Ruling on Submitted Habeas Petition and Pending Motion for Preliminary Injunction." (*See* Doc. 17).

B. <u>Analysis</u>

Respondents move to dismiss this action as duplicative because Petitioner has no right to maintain two separate actions involving the same subject matter concerning the same time frame, in the same court. They contend Petitioner's pleadings repeat claims that were or could have been raised earlier, and that Petitioner shows neither cause nor prejudice or a fundamental miscarriage of justice. Further, Respondents maintain that the "underlying reason for [this action] is because Petitioner was denied injunctive relief in *Ruslanov I*, and he was likewise denied bond in March, and twice in July. . . . His alleged claim of prolonged detention is an obfuscation of his original claim of unlawful detention and his motions for injunctive relief likewise repeat and recycle the same medical, health, funds, and legal preparation complaints made in" the first, earlier action. Respondents note "the Findings and Recommendations issued in *Ruslanov I* are not favorable to

[2] The document was entered on the docket as a "Notice of Compliance."

Petitioner" and argue that "permitting the instant action to proceed will serve no purpose since the prolonged detention claim is necessarily related to the initial habeas case and his bond proceedings."

Rule 9(b) of the Fed. Rules Governing § 2254 Cases[3] provides:

> [a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

The general bar against successive habeas petitions set forth in 28 U.S.C. § 2244 does not apply to petitions filed under section 2241, such as the petition here. *See Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("§ 2244(a) bars successive petitions seeking review of the propriety of a detention pursuant to a judgment of a court of the United States[,] and individuals . . . in custody pending the outcome of their immigration proceedings are not detained pursuant to a judgment of a court of the United States") (internal quotation marks omitted). But the Ninth Circuit has recognized that the common law doctrine of the abuse of the writ can apply to successive habeas petitions challenging immigration detention filed pursuant to section 2241. *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011). "Generally, the abuse of the writ doctrine 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (quoting *Calderon v. United States Dist. Ct.*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc)). It is the Government's burden to plead abuse of the writ by noting, with clarity and particularly, Petitioner's prior writ history and the claims that appear for the first time. *McClesky v. Zant*, 499 U.S. 467, 494-95 (1991). If the Government meets this burden, the burden shifts to Petitioner to "show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." *Alaimalo*, 645 F.3d at 844. A petitioner "has no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *MHC Fin. Ltd. Partnership v. City of San Rafael*,

[3] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

714 F.3d 1118, 1133 (9th Cir. 2013); *Tran v. Warden/Facility Administrator, Golden State Annex*, No. 1:26-vb-05113-NW, 2026 WL 2921446, at *2 (E.D. Cal. Sept. 29, 2026).

The previously filed petition is pending de novo review by the assigned district judge, and the undersigned finds, given the circumstances here, that Petitioner fails to establish any new or different grounds for relief in this action. Specifically, given the procedural posture of the first-filed action, number 1:26-cv-1459-JLT-EGC, wherein Petitioner's subsequent filings after issuance of the Findings and Recommendations in that action, (*see* 1:26-1459, Docs. 26-27, 31-33 & 35), ask the district judge to consider events occurring after their issuance, Petitioner's arguments relating to his continued detention are duplicative. Stated another way, where Petitioner has asked the district judge to consider supplemental briefing covering the same subject matter, and seeks to amend the earlier filed petition to include the prolonged detention claim made in this action, the undersigned finds that this second petition is entirely duplicative of Petitioner's first petition that remains pending final determination by Judge Thurston. *See*, *e.g.*, *Ortega Nunez v. Warden, California City Detention Center*, No. 1:26-cv-04582 TLN-AC, 2026 WL 2838426, at *3 (E.D. Cal. Sept. 22, 2026) (recommending dismissal as duplicative and finding: "To the extent petitioner may be attempting to raise new arguments relating to the subsequent denial of bond in April 2026 because the factual predicate for such arguments did not exist when he initiated his first habeas action, such arguments should have been timely included in petitioner's motion to enforce judgment currently pending [in the earlier filed action]" and "the legal sufficiency of petitioner's April 2026 bond hearing will soon be considered in [the earlier filed action] which should resolve any new arguments petitioner is attempting to raise. The undersigned therefore does not find that a fundamental miscarriage of justice will result from dismissal of the instant petition"). Therefore, the undersigned finds the instant petition to be an abuse of the writ and recommends this action be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS as follows:

1. Respondents' motion to dismiss, (Doc. 13), be GRANTED;

2. The petition for writ of habeas corpus, (Doc. 1), be DISMISSED as duplicative and an abuse of the writ; and

3. That Petitioner's pending motions, (Docs. 10 & 17), be DENIED as moot.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Erin Sny Castillo

UNITED STATES MAGISTRATE JUDGE